IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

AUG – 4 2026

CLERK, U.S. DISTRICT COURT
By_____
Deputy

UNITED STATES OF AMERICA,                )
      Respondent,                         )
                               )
                               )
                               )
      vs.                                 )     Case No. 3:20-CR-00170-M(1)
                               )
                               )
                               )
ANTONIO EDUARDO HUERTA SERNA,            )
      Movant.                             )

MOVANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION FILED UNDER 28 U.S.C SECTION 2255

COMES NOW Antonio Eduardo Huerta Serna (hereinafter referred to as "Movant") files his Memorandum Of Law In Support of his Motion Under 28 U.S.C. Section 2255 To Vacate, Set Aside, Or Correct Said Sentence By A Person In Federal Custody.

ISSUE ONE

STATUTES AND CITATIONS OF AUTHORITY

MOVANT ARGUES THAT COUNSEL WAS NOT FUNCTIONING AS COUNSEL
GUARANTEED BY THE SIXTH AMENDMENT BEFORE AND DURING SENTENCING
STRICKLAND vs. WASHINGTON, 466 U.S. 668, 687, 104 S.Ct. 2052,
80 L.Ed.2d. 674 (1984)

Movant argues that counsel was ineffective for failing to demonstrate to the District Court that Movant agreed to testify for the Government, at his co-defendant's trial that was held in New Jersey. 1/ However, before Movant was to testify before the trial he had informed the federal prosecutors that he had run out of his medication associated with Movant's combat related PTSD. 2/ Counsel failed to present to the District Court before and during sentencing clinical statements that explains that interuption of Movant's PTSD medication can cause temporary cognitive disruption, memory impairment, disassociation and blanking out during periods of acute stress. Neither counsel nor the Government presented this vital information to the District Court during sentencing, despite the Courts repeated requests for an explanation, which was a direct result of the Government failing to file a motion under the United States Sentencing Guidelines Section 5K1.1. The omitted clinical statements directly

---

1/  Following the Government's investigation, Movant cooperated with federal investigators and prosecutors over an extended period. Movant attended meetings, answered questions and provided information above and beyond when asked of him. In otherwords, Movant fully debriefed. However, counsel dropped tne ball by failing to present to the sentencing court the full extent of Movant's full cooperation.

2/  Movant's service during the Gulf War era affected Movant in an adverse way to now he is diagnosed with combat related PTSD which during responses to stressful situations it affects his decision making, judgment, emotional regulation, sleep and anxiety levels. Had counsel presented the clinical evaluations this information would have affected the Courts consideration of the sentencing factors under 18 U.S.C. Section 3553(a)

affected the District Court's evaluation of Movant's cooperation, credibility and the appropriate sentence. Thus, counsel provided ineffective assistance when he failed to investigate Movant's case and present a viable defense and adequately challenge the Governments refusal to file a 5K1.1 motion. See Glover v. United States, 531 U.S. 198, 200, 121 S.Ct. 696, 148 L.Ed.2d. 604 (2001) holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established Strickland prejudice.").

3.

ISSUE TWO

STATUTES AND CITATIONS OF AUTHORITY

MOVANT ARGUES THAT COUNSEL'S REPRESENTATION FELL BELOW
AN OBJECTIVE STANDARD OF REASONABLENESS BY
BY PREVAILING PROFESSIONAL NORMS

Movant argues that counsels deficient performance was so serious as to deprive Movant of a fair sentencing hearing by failing to investigate or discover potentially exculpatory evidence such as:

(1) A written statement prepared by Movant's late sister, Lucy Serna, which was significant mitigating evidence concerning Movant's minimal role in the offense;

(2) Honorable military service;

(3) Combat related PTSD;

(4) Extraordinary rehabilitation;

(5) Volunteer service to Veterans;

(6) Community involvement; and

(7) Family Circumstances.

Movant contends he was unable to discuss his case in any meaninful way with his attorney Nick Oberheiden during his representation of Movant. Movant hired Mr. Oberheiden to conduct his sentencing. However, on the day of the hearing, another attorney made her appearance who failed to conduct any independent investigation with it being quite obvious she had no knowledge of Movant's case. Without objection of counsel the District Court adopted fully the inaccurate information in Movant's Presentence Investigation Report. Thus, the cumalative affect of counsels errors infected Movant's entire proceedings with error of constitutional dimensions that requires an evidentiary hearing so Movant can prove his claims. See **Neal v. Puckett**, 239 F.3d 683, 688 (5th Cir. 2001)(Defense counsel has the obligation to conduct a "reasonably substantial independent investigation.").

4.

ISSUE THREE

STATUTES AND CITATIONS OF AUTHORITY

MOVANT ARGUES THAT COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO FILE A NOTICE OF APPEAL ROE V. FLORES-ORTEGA, 528 U.S. 470, 477, 120 S.CT. 1029, 145 L.ED.2d. 985 (2000)

Movant retained attorney Nick Oberheiman to conduct his sentencing. However, on the day of the hearing, another attorney made her appearance who failed to conduct any independant investigation with it being quite obvious she had no knowledge of Movant's case, because the District Court adopted fully the inaccurate information in Movant's Presentence Investigation Report. During the hearing the District Court told Movant that he had 14 days to file a notice of appeal. At that point, Movant gave counsel specific instructions to file his appeal. The cumalative affect of counsels errors, infected Movant's entire proceedings with error of constitutional dimensions that requires an evidentiary hearing so Movant can prove his claims.

The law is clear that, if a defendant requests that counsel file a notice of appeal, counsel's failure to do so constitutes ineffective assistance, entitling the defendant to an out-of-time appeal. Roe v. Flores-Ortega, 528 U.S. 477. As the Fifth Circuit held in Tapp, if a defendant "is able to demonstrate by preponderance of the evidence that he requested an appeal, prejudice will be presumed and Movant will be entitled to an out-of-time appeal, regardless of whether he is able to identify any arguable meritorious grounds for appeal..." United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007). In cases where the defendant fails to instruct counsel to file a notice of appeal, the court must determine "whether counsel in fact consulted with the defendant about an appeal." Flores-Ortega, 528 U.S. at 478. To "consult" means "advising the defendant about the

5.

advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id. The Supreme Court has held that "counsel has a constitutionality imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, Movant received a higher sentence), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. "Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal." Id. "To show prejudice in these circumstances a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to file a notice of appeal, Movant would have timely appealed. Thus, Movant is requesting this Honorable Court to conduct an evidentiary hearing so Movant can prove his claims.

WHEREFORE, for all the reason stated above, Movant is requesting this Honorable Court to grant his 2255 motion or/in alternative grant him an evidentiary hearing so Movant can prove his claims.

Date: _July 28, 2026_

Respectfully submitted,

Antonio Eduardo Huerta Serna

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. Section 2255 was placed in the prison mailing system on_ July 28, 2026 _.
(month, date, year

Executed (signed) on _July 28, 2026_ (date)

Signature of Movant

7.