**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ANTONIO SERNA, | § | |
| #04135-509 | § | |
| Movant, | § | |
| | § | |
| v. | § | |
| | § | No. 3:26-cv-02624-K |
| | § | (No. 3:20-cr-00170-K-1) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**ORDER AND INSTRUCTIONS**
**TO PARTIES IN A MOTION UNDER 28 U.S.C. § 2255**

Movant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

**SERVICE OF PROCESS:** The clerk of the court is directed to serve a copy of this order and of the § 2255 motion and any supporting documents on the United States Attorney for the Northern District of Texas. *See* Fed. R. Crim. P. 49(b); Fed. R. Civ. P. 5(b). Such service will be directed to the attention of the Criminal Section Habeas Attorney, United States Attorney=s Office. *See* Rule 3(b) of the Rules Governing Section 2255 Proceedings for the United States District Court.

**RESPONSIVE PLEADINGS:** Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, **the United States Attorney is ORDERED to file an answer or response to this motion no later than October 9, 2026**, answering in substance as required by Rule 5 of the Rules Governing Section 2255 Proceedings. Rule 5 states, "The answer must address the allegations in the motion. In addition, it must state whether the moving party has used any other federal remedies, including any prior post-conviction motions under these rules or any previous rules, and whether the moving party received an evidentiary hearing." The answer or response should be captioned appropriately, and not as a motion to dismiss, motion for summary judgment, or other motion seeking judgment as a matter of law.

A copy of the answer or response, together with a copy of any brief filed with it, will be served on Movant and a certificate will be filed with the clerk evidencing such service.

**<u>BRIEFS</u>:** Briefs should be double-spaced. Each argument with supporting citations advanced in the brief must clearly specify the specific ground of the motion or numbered paragraph of the pleading it seeks to support or oppose. A copy of any brief must be transmitted to the opposing party or counsel, if he is represented by counsel, and a certificate reflecting such service will be included in the brief. Pursuant to Local Rule 7.2(c), briefs shall not exceed twenty-five pages in length except upon leave of court.

**<u>MOVANT'S OPPORTUNITY TO REPLY</u>:** Pursuant to Rule 5(d), **Movant may file a reply within 30 days from the date of service of the answer or other pleading**. A reply must be limited to the arguments raised in the government=s responsive pleading, shall not include any new allegations of fact or new grounds for relief, and shall not exceed the ten-page limit for replies set out in Local Civil Rule 7.2(c). Movant will transmit a copy of any reply to counsel for the government.

**<u>SUPPORTING DOCUMENTS</u>:** If the answer or response refers to briefs or transcripts of the prior proceedings that are unavailable in the court's records, then the government must furnish such briefs or transcripts contemporaneously with the filed answer or response. *See* Rule 5(c) of the Rules Governing Section 2255 Proceedings. If documents or transcripts are available in the records of the court, the government must identify the location of such document or transcript by the document number given in the prior proceedings.

**<u>EXTENSIONS OF TIME</u>:** Any motion for extension of time that is based on the unavailability of a transcript must include an affidavit from the court reporter stating when the request for the transcript was made, why it was not filed on time, and the additional time necessary to file the completed transcript.

SO ORDERED.

Signed August 10th, 2026.

Ed Kinkeade

ED KINKEADE
UNITED STATES DISTRICT JUDGE