IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTONIO SERNA,<br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | NO. 3:26-CV-2624-K<br>(3:20-CR-0170-K) |

**GOVERNMENT'S MOTION TO DISMISS**
**28 U.S.C. § 2255 MOTION AS TIME-BARRED**

This Court entered Antonio Serna's judgment on April 22, 2025. Serna did not file a notice of appeal, so his criminal conviction became final on May 6, 2025. More than one year later—on August 4, 2026—he filed this motion to set aside his conviction and sentence under 28 U.S.C. § 2255. (CV No. 1.)[1] Serna fails to acknowledge that, by then, the statute of limitations had expired. Nor does he attempt to overcome the time-bar. Because his motion is time-barred, this Court should dismiss it.

**STATEMENT OF THE CASE**

Serna pled guilty to an information charging him with a single count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 371 and 18 U.S.C. § 1347. (CR No. 1 (information); (CR No. 2 (factual resume); CR No. 3 (plea agreement).) Based on the loss amount to the federal government, Serna faced a base offense level of 31. (PSR ¶ 38.) After receiving a three-level reduction for acceptance of responsibility, and

[1] "CR No. __" refers to the docket number of the underlying criminal proceeding, *United States v. Serna*, No. 3:20-CR-170-E (N.D. Tex.). "CV No. __" refers to the docket number of this Section 2255 action. "PSR" refers to the presentence report, which is docketed at CR No. 21-1.

placement in criminal history category I, Serna faced an advisory guideline range of 78 to 97 months, capped by the statutory maximum of 60 months in prison. (PSR ¶¶ 44-45, 51, 86.)[2] Moved by the assistance Serna provided to the government—and despite his false testimony in another jurisdiction—this Court imposed a below-guidelines sentence of 48 months. (CR No. 80; CR No. 82 at 23.) Serna did not file a notice of appeal.

More than one year later—on August 4, 2026—Serna filed this Section 2255 motion. (CV No. 1.) Although Serna submitted his motion on this Court's standard Section 2255 form, he omitted that form's section that addresses the timeliness of his motion. (CV No. 1 at 11.)

## <u>ARGUMENT AND AUTHORITIES</u>

### 1. Serna's motion is untimely.

Section 2255 contains a one-year statute of limitations. *See* 28 U.S.C. § 2255(f); *see also Clay v. United States*, 537 U.S. 522, 532 (2003). That period begins to run on the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] Serna pled guilty in 2020. (PSR ¶ 4.) Before this Court imposed sentence, the U.S. Sentencing Guidelines were updated to include a retroactive two-level decrease for zero-point offenders under Section 4C1.1. *See* USSG § 4C1.1. Serna qualified for the reduction, and his advisory guideline range was reduced to 63 to 71 months, still capped by the 60-month statutory maximum. (CR No. 72-1 at 1-2.)

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under Section 2255(f)(1), Serna's judgment became final on May 6, 2025, when his time to file a direct appeal expired. *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that for purposes of Section 2255, the judgment of conviction becomes final when the period to file a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (requiring the defendant to file a notice of appeal within 14 days from the entry of judgment). He had one year from that date—until May 6, 2026—to timely file his Section 2255 motion. His motion was filed on August 4, 2026, meaning Serna missed the deadline by approximately three months. (*See* CV No. 1.)[3] His motion is untimely under Section 2255(f)(1).

Serna makes no argument that his motion is timely under a different subsection of Section 2255(f). And none of his claims suggests that any other subsection should apply here. Serna's claims involve no government impediment to his timely filing. Nor do they rely on new Supreme Court caselaw. Finally, Serna would have been aware that his counsel was, in his view, deficient at sentencing on the day of sentencing. Similarly, with minimal diligence, Serna would have known that no notice of appeal was filed that day or within 14 days of the judgment.

[3] Serna's motion did not invoke the prison-mailbox rule. (*See* CV No. 1 at 12.) And even if Serna's motion was deemed docketed on the day he signed it (July 28, 2026), it would still be late by over two months.

Thus, Section 2255(f)(1) controls here.[4] And Serna's motion is untimely under that provision.

**2. Serna shows no reason to toll the statute of limitations, so his motion must be dismissed.**

Section 2255's one-year limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). But courts should apply the doctrine restrictively and "only in rare and exceptional circumstances." *United States v. Cardenas*, 13 F.4th 380, 382 (5th Cir. 2021) (internal quotation marks omitted). Serna "bears the burden of proof concerning equitable tolling." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). And he "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks omitted).

Here, Serna makes no attempt at either showing. As a result, he is not entitled to equitable relief from the statute of limitations. *See Reed v. United States*, No. 3:22-CV-2785-B-BK, 2023 WL 2412842, at *3 (N.D. Tex. Feb. 13, 2023) (finding that the movant failed to carry his burden to show that equitable tolling was warranted where he "present[ed] no facts suggesting that he diligently pursued his rights or that some

[4] Even if Serna had argued that his third claim—challenging counsel's failure to file a notice of appeal—was timely under subsection 2255(f)(4), that argument would fail. Serna's time to file a notice of appeal expired on May 6, 2025. Had Serna exercised any diligence (contacting this Court or the Fifth Circuit, for example), he would have known by May 6 that no notice was timely filed. Thus, the most that Serna can hope for is that his statute of limitations began to run in May 2025, meaning that his Section 2255 motion was still filed months too late.

extraordinary circumstance prevented the timely filing of his § 2255 motion."), *rec. adopted* 2023 WL 2414023 (N.D. Tex. Mar. 8, 2023).

## CONCLUSION

The Court should dismiss Serna's motion because it is time-barred. If this Court denies this motion to dismiss, the government respectfully requests 30 days from the date of the Court's order in which to file a response.

Respectfully submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY

*/s/ Lauren C. Murphree*

Lauren C. Murphree
Assistant United States Attorney
Texas Bar No. 24085059
1200 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone: (806) 472-7322
Lauren.murphree@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on October 7, 2026, I filed this motion with the clerk of court for the U.S. District Court, Northern District of Texas. I also certify that a copy of this motion was sent to Antonio Serna, Register Number 04135-509, Forrest City FCI – Low – Camp, P.O. Box 8000, Forrest City, Arkansas 72336, by certified mail.

*/s/ Lauren C. Murphree*

Lauren C. Murphree
Assistant United States Attorney