U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 29 2026
CLERK, U.S. DISTRICT COURT
By
Deputy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

ANTONIO EDUARDO HUERTA SERNA, Movant, Pro Se

v.

UNITED STATES OF AMERICA, Respondent.

Civil Action No. 3:26-CV-02624-K

Related Criminal No. 3:20-CR-00170-K-1

**PRO SE MOVANT'S RESPONSE AND BRIEF IN OPPOSITION TO THE GOVERNMENT'S MOTION TO DISMISS AS TIME-BARRED**

**Use of Generative Artificial Intelligence**

Generative artificial intelligence was used to assist in preparing this brief.

## PRELIMINARY STATEMENT

The Government filed a motion to dismiss Antonio Serna's 28 U.S.C. § 2255 motion as untimely (ECF No. 6), rather than the substantive answer directed by this Court's August 10, 2026 order (ECF No. 4). The Court can require compliance with its order without prematurely disposing of constitutional claims. Independently, the Government's limitations theory does not resolve Serna's pleaded failure-to-file-an-appeal claim (Ground Three), because it does not account for his repeated, appeal-specific inquiries and the assurances from sentencing counsel's firm that the appeal was progressing. Three signed eyewitness affidavits now corroborate his account of the sentencing-day appeal request. Serna asks the Court to deny dismissal or, alternatively, permit orderly fact development before reaching the limitations defense.

## I. THE GOVERNMENT'S FILING DEPARTS FROM THE COURT'S EXPRESS RESPONSE ORDER.

On August 10, 2026, the Court directed the Government to respond by October 9, 2026, addressing the allegations in substance under Rule 5(b) of the Rules Governing § 2255 Proceedings. ECF No. 4 at 1. The order further instructed that the response not be captioned as a "motion to dismiss," "motion for summary judgment," or other motion seeking judgment as a

matter of law. Id. The Government nevertheless titled its October 7 filing "Government's Motion to Dismiss 28 U.S.C. § 2255 Motion as Time-Barred." ECF No. 6.

Rule 4(b) permits a district judge to specify the required Government response; Rule 5(b) provides that an answer must address the motion's allegations. A limitations defense is important, but it does not excuse disregard of a case-specific procedural instruction. The appropriate initial remedy is to deny or strike ECF No. 6 without prejudice, require the substantive response already ordered, and set any further timeliness proceedings as the Court considers necessary. Serna does not request sanctions or a default judgment; he requests compliance with the response procedure set by the Court.

## II. THE LIMITATIONS INQUIRY MUST ADDRESS § 2255(f)(4) AND EQUITABLE TOLLING.

The Government calculates that judgment became final on May 6, 2025, and that the ordinary § 2255(f)(1) year expired May 6, 2026. ECF No. 6 at 3. Serna need not dispute that baseline calculation for present purposes. Section 2255(f) measures the limitations period from the latest applicable triggering event, including the date on which facts supporting a claim could have been discovered through due diligence. 28 U.S.C. § 2255(f)(4). The later-discovery analysis is specific to the facts supporting Ground Three and is not asserted here as an automatic extension for every unrelated claim.

Equitable tolling is a distinct, alternative ground requiring (1) reasonable diligence and (2) an extraordinary circumstance that prevented timely filing. Holland v. Florida, 560 U.S. 631, 645, 649, 653 (2010); United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002). Ordinary attorney negligence is generally insufficient; materially misleading assurances may present a different case. United States v. Cardenas, 13 F.4th 380, 382–84 (5th Cir. 2021); Wynn, 292 F.3d at 230–

31. Both theories require attention to what Serna did, what the law firm told him, and when he reasonably could have learned that no appeal existed.

**III. THIS CASE INVOLVES REPEATED ASSURANCES, NOT THE UNCORROBORATED ASSUMPTION IN RODRIGUEZ.**

United States v. Rodriguez, 858 F.3d 960 (5th Cir. 2017), affirmed dismissal where the movant had not alleged that counsel agreed to file his appeal, had no subsequent assurance that appellate work was underway, and did not make sufficient inquiries. Id. at 962–64. Significantly, the court expressly reserved the distinct circumstance of counsel "actually misleading his client into believing that activity is taking place." Id. at 963 n.5 (citing Manning v. Epps, 688 F.3d 177, 186 n.6 (5th Cir. 2012), and Wynn, 292 F.3d at 230). The reservation is not a ruling in Serna's favor; it confirms that his alleged facts require a different, circumstance-specific analysis.

Ground Three of the filed § 2255 motion alleges that sentencing counsel was constitutionally ineffective by failing to file a notice of appeal. Civil ECF No. 1 at 7; Criminal ECF No. 118 at 7 (PageID 963). Serna states that he expressly requested an appeal immediately after sentencing on April 22, 2025, and counsel undertook to handle it. Chalan Wyatt, a non-family eyewitness, has furnished a sworn affidavit stating that she heard Serna request an appeal and heard counsel respond that she would take care of that appeal, get back to him, and tell him to consider it done. App. 2, Wyatt Aff. ¶¶ 9–11; App. 3, ¶¶ 12–17. Wyatt explains that she moved to approximately five feet away to hear the exchange, and that her account is based on her own observations. App. 2–3. The signed affidavits of Julia Diaz and Maria Pendergrass are also attached. Both women state that they personally heard Serna request an appeal following sentencing and heard his attorney agree to handle it and get back to him. See Diaz Aff. ¶¶ 7–10; Pendergrass Aff. ¶¶ 7–9.

Serna called sentencing counsel's law firm specifically about his direct appeal on June 10, 2025, September 16, 2025, and January 7, 2026. In each conversation, a firm representative told

him his appeal was progressing. During the January 7 call, firm personnel also said he owed fees, which he disputed; no one told him the appeal had not been filed, had been abandoned, or had stopped because of nonpayment. These facts are stated in his accompanying declaration, which he tenders to the Court for consideration or, if leave is necessary under ECF No. 4, as a proposed expansion of the record. Serna Decl. ¶¶ 2–6.

After discovering in July 2026 that no direct appeal had been filed, Serna executed his § 2255 motion and certified that he placed it in the prison mailing system on July 28, 2026. Criminal ECF No. 118 at 12 (PageID 968). It was docketed August 4, 2026. Id. These specifics bear directly on whether his reliance continued to be reasonable after the law firm's affirmative assurances, and when reasonable diligence would have disclosed the missing appeal. Unlike Rodriguez, Serna does not rely exclusively on an unanswered sentencing-day request.

**IV. WYNN, HOLLAND, AND JIMENEZ SUPPORT A FACTUAL EXAMINATION OF RELIANCE.**

In Wynn, the Fifth Circuit vacated a limitations dismissal so the district court could determine whether counsel had misled the movant and whether reliance on counsel was reasonable. 292 F.3d at 230–31. That decision did not automatically award tolling. Under Holland, the relevant diligence is reasonable diligence under the circumstances, not "maximum feasible diligence." 560 U.S. at 653. And in Jimenez v. Butcher, 844 F. App'x 715, 717–18 (5th Cir. 2021) (unpublished), the court granted tolling on a developed record involving attorney deception, delayed filings, diligence, and causation. These authorities do not guarantee Serna tolling; they establish why specific assurances and their effect on his conduct matter.

The Government may argue that Serna could have independently searched the public docket earlier, or that fee discussions should have prompted further inquiry. Those are serious points, not automatic answers. Serna specifically checked with the retained firm about the appeal on

three occasions and was repeatedly told appellate proceedings were progressing. The record should permit an assessment of the frequency and contents of those contacts, the reasonableness of his reliance, and the causal relationship to delayed collateral filing before the entire proceeding is dismissed.

## V. LIMITED SUPPLEMENTATION OR AN EVIDENTIARY HEARING IS AN APPROPRIATE ALTERNATIVE.

Section 2255(b), Rule 7, and Rule 8 allow the Court to determine what further factual development is warranted; a hearing is not automatic simply because a movant disputes limitations. The three signed eyewitness affidavits of Chalan Wyatt, Julia Diaz, and Maria Pendergrass supply particularized evidence of the sentencing-day request and counsel's response. See Wyatt Aff. ¶¶ 9–13; Diaz Aff. ¶¶ 7–10; Pendergrass Aff. ¶¶ 7–9. Serna's accompanying declaration supplies a firsthand account of his later appeal-specific inquiries and reliance. Serna Decl. ¶¶ 2–6. Because the Court's August 10 order restricts new factual allegations in a reply, Serna expressly requests leave, to the extent necessary, for the Court to consider those factual statements solely to address the Government's limitations defense as to the existing Ground Three. The Court may permit limited Rule 7 expansion, authorize good-cause discovery under Rule 6, or hold an appropriately confined hearing, after allowing the Government an opportunity to respond.

The underlying failure-to-appeal ground presents a separate constitutional question. When a defendant instructs counsel to file an appeal and counsel disregards the instruction, deficient performance and presumed prejudice may warrant restoration of appellate rights. Roe v. Flores-Ortega, 528 U.S. 470, 477, 483–86 (2000); United States v. Tapp, 491 F.3d 263, 265–66 (5th Cir. 2007); Garza v. Idaho, 586 U.S. 232, 238–42 (2019). This principle applies despite a waiver of appeal rights if the required facts are proven. Tapp, 491 F.3d at 265–66. Serna seeks the

opportunity to prove those facts; he does not ask the Court to treat the present response as proof of them.

**VI. THE TIMELINESS RESPONSE DOES NOT ASSERT A NEW HABEAS GROUND.**

The initial pro se form left the timeliness explanation blank, a relevant omission but not a jurisdictional forfeiture of every answer to the Government's limitations defense. Ground Three itself expressly asserts failure to file the requested notice of appeal and cites Flores-Ortega. Criminal ECF No. 118 at 7. Serna's present discussion supplies reasons for a later discovery date or tolling with respect to that same claim. It does not advance a new failure-to-consult or failure-to-advise ground of ineffective assistance.

United States v. Alaniz, 5 F.4th 632, 636–40 (5th Cir. 2021), cautions that newly asserted ineffective-assistance theories involving different conduct and periods do not necessarily relate back to an original failure-to-file claim. Serna seeks only to explain post-sentencing inquiries relevant to whether Ground Three is timely. Because the Court's August 10 order restricts new factual allegations in a reply, Serna expressly requests leave to supplement that original ground for purposes of the limitations defense if the Court concludes leave is necessary; alternatively, he requests Rule 7 expansion. See Fed. R. Civ. P. 15; Rules Governing § 2255 Proceedings 7, 12. No new substantive claim is requested.

**VII. RESTORATION OF A LOST APPEAL CAN BE ADDRESSED WITHOUT PREJUDGING OTHER CLAIMS.**

If Serna establishes a timely claim that counsel failed to file a requested appeal, the Fifth Circuit permits an out-of-time appeal through re-entry of the criminal judgment under appropriate procedures, with remaining § 2255 claims treated consistently with that remedy. United States v. West, 240 F.3d 456, 459–62 (5th Cir. 2001). Accordingly, the Court can address the timeliness and merits of Ground Three first without prematurely disposing of the remaining

grounds. Nothing in this response requests adjudication of restitution or other distinct issues without full briefing.

**CONCLUSION**

For these reasons, Serna respectfully requests that the Court: (1) deny, or alternatively strike without prejudice, the Government's motion to dismiss (ECF No. 6) and direct a substantive answer consistent with ECF No. 4; (2) alternatively, decline to dismiss Ground Three on limitations grounds before assessing his actual diligence, reliance, and discovery facts under § 2255(f)(4) and equitable tolling; (3) consider, or grant leave to consider as limited Rule 7 record expansion, the attached signed affidavits of Chalan Wyatt, Julia Diaz, and Maria Pendergrass, together with Serna's executed declaration; (4) conduct an evidentiary hearing if necessary to resolve material factual disputes; (5) preserve remaining grounds subject to further proceedings and applicable limitations rules; and (6) grant any other appropriate relief.

Respectfully submitted,

Antonio E. H. Serna

Antonio Eduardo Huerta Serna, Movant Pro Se
BOP Register No. 04135-509
FCI Forrest City Satellite Camp
P.O. Box 8000
Forrest City, AR 72336
Date signed: October 23, 2026

**CERTIFICATE OF SERVICE**

I certify that on October 23, 2026 [ACTUAL DATE MAILED], I served a true and correct copy of this response and the accompanying appendix, including the signed affidavits of Chalan Wyatt, Julia Diaz, and Maria Pendergrass and my executed declaration, by placing them in the institution's designated outgoing legal-mail system, with postage prepaid for delivery by United States mail, addressed to counsel for the United States at the service address shown below:

Lauren C. Murphree
Assistant United States Attorney
1200 Texas Avenue, Suite 700
Lubbock, TX 79401

Antonio E. H. [signature]
Antonio Eduardo Huerta Serna, Movant Pro Se
Date signed: October 23, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ANTONIO EDUARDO HUERTA SERNA, Movant, Pro Se
v. UNITED STATES OF AMERICA, Respondent
Civil No. 3:26-CV-02624-K | Criminal No. 3:20-CR-00170-K-1

## APPENDIX TO PRO SE MOVANT'S RESPONSE

App. 2–4: Affidavit of Chalan Wyatt

App. 5-6: Affidavit of Maria Pendergrass
App. 7-8: Affidavit of Julia Diaz
App. 9: Declaration of Antonio Eduardo Huerta Serna Under 2
Under 28 U.S.C.§ 1746

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

**UNITED STATES OF AMERICA**
v.
**ANTONIO EDUARDO HUERTA SERNA**

**AFFIDAVIT OF CHALAN WYATT**
**REGARDING REQUEST TO FILE NOTICE OF APPEAL**

**STATE OF** TEXAS §
**COUNTY OF** FORT BEND §

BEFORE ME, the undersigned Notary Public, personally appeared **CHALAN WYATT**, who, after being duly sworn, stated as follows:

**1.** My name is **Chalan Wyatt**. I am over eighteen years of age, of sound mind, competent to make this affidavit, and have personal knowledge of the facts stated herein. The statements contained in this affidavit are true and correct based upon my personal knowledge and recollection.

**2.** I am a friend of Antonio Eduardo Huerta Serna ("Tony").

**3.** I was personally present at Tony's federal sentencing hearing in the United States District Court for the Northern District of Texas in **April 2025**.

**4.** Immediately after the sentencing hearing, I walked out of the courtroom along with Tony, his sisters, Mario, Emily, and others who had attended the sentencing. I remember that everyone was extremely emotional and in disbelief about what had occurred.

**5.** I specifically remember Emily crying. I was also emotional and remember wiping my own eyes with a Kleenex.

**6.** While we were gathered in the hallway outside the courtroom, I was initially approximately **ten feet away from Tony**.

**7.** I observed Tony's attorney come out of the courtroom. I then saw Tony take approximately two steps toward his attorney.

**8.** I observed Tony's attorney approach him and heard her ask Tony if she could speak with him.

**9.** Because I wanted to hear what Tony's attorney was going to say, I moved closer to Tony and his attorney. I was then approximately **five feet away from them**.

**10.**From that position, I personally heard Tony tell his attorney that **he was very disappointed about what had happened and that he wanted an appeal to be filed.**

**11.**I personally heard Tony's attorney respond that **she would take care of that appeal and that she would get back with him, and to consider it done.**

12. After this conversation, I observed Tony's attorney walk away.

13. Based upon what I personally witnessed and heard, Tony directly communicated to his attorney immediately following his sentencing that he wanted an appeal. I personally heard his attorney respond that she would take care of it.

14. After Tony's attorney walked away, I spoke with Tony. I remember telling him that I believed he needed to appeal and that I was glad he had told his attorney that he wanted an appeal.

15. I specifically remember this conversation because of the emotional circumstances immediately following the sentencing and because I deliberately moved closer to Tony and his attorney so that I could hear their conversation.

16. The statements contained in this affidavit concern events that I personally witnessed and words that I personally heard. I am not relying upon something Tony or anyone else later told me about this conversation.

17. No one has promised me anything, offered me anything of value, or pressured me to make this affidavit. I am providing this affidavit voluntarily and based upon my own recollection of what occurred.

18. I understand that this affidavit may be submitted to a United States District Court in connection with Tony's federal post-conviction proceedings.

**FURTHER AFFIANT SAYETH NOT.**

______________________________

**CHALAN WYATT, Affiant**

**NOTARY JURAT**

**STATE OF** TEXAS §
**COUNTY OF** FORT BEND §

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this 19th day of OCTOBER, 2026, by **Chalan Wyatt**, who personally appeared before me and, after being duly sworn, affirmed that the statements contained in the foregoing affidavit are true and correct to the best of the affiant's personal knowledge and recollection.

______________________________

**Notary Public, State of** TEXAS

Printed Name: ASLAM JAMAL

My Commission Expires: 07/06/2027

Notary ID/Commission No.: 130283780

**[NOTARY SEAL]**

ASLAM JAMAL
Notary Public, State Of Texas
Comm. Exp. 07-06-2027
Notary ID# 13028378-0

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

**UNITED STATES OF AMERICA**
v.
**ANTONIO EDUARDO HUERTA SERNA**

**AFFIDAVIT OF MARIA PENDERGRASS**
**REGARDING REQUEST TO FILE NOTICE OF APPEAL**

**STATE OF** Texas §
**COUNTY OF** Ellis §

BEFORE ME, the undersigned Notary Public, personally appeared **MARIA PENDERGRASS**, who, after being duly sworn, stated as follows:

**1.** My name is **Maria Pendergrass**. I am over eighteen years of age, of sound mind, competent to make this affidavit, and have personal knowledge of the facts stated herein. The statements contained in this affidavit are true and correct based upon my personal knowledge and recollection.

**2.** Antonio Eduardo Huerta Serna ("Tony") is my brother.

**3.** I was personally present at Tony's federal sentencing hearing in the United States District Court for the Northern District of Texas in **April 2025**.

**4.** I attended the sentencing with members of Tony's family and others who were there to support him.

**5.** Immediately following the sentencing hearing, we exited the courtroom and entered the hallway directly outside the courtroom. I specifically remember Tony's wife, Emily, standing beside me and crying because of what had just occurred at the sentencing.

**6.** While we were still in the hallway immediately outside the courtroom, I personally observed Tony speaking with his attorney.

**7.** I personally heard Tony tell his attorney that **he needed an appeal because what had happened was not fair and that he was not happy with the result of the sentencing.**

**8.** I then personally heard Tony's attorney respond that **she would take care of it, that she would file the appeal, and that she would get back with him.**

**9.** Based upon what I personally witnessed and heard, Tony clearly communicated to his attorney that he wanted an appeal filed concerning the result of his case. I personally heard his attorney respond that she would file the appeal.

**10.** This conversation occurred in my presence immediately after Tony's sentencing, while we were still outside the courtroom.

**11.** I specifically remember this conversation because of the circumstances immediately following the sentencing, including Emily standing beside me crying and Tony speaking with his attorney in the hallway.

**12.** The statements in this affidavit are based upon what I personally saw and heard. I am not relying upon something Tony or anyone else later told me about the conversation.

**13.** No one has promised me anything, offered me anything of value, or pressured me to make this affidavit. I am making this affidavit voluntarily and based upon my own recollection of what occurred.

**14.** I understand that this affidavit may be submitted to a United States District Court in connection with Tony's federal post-conviction proceedings.

**FURTHER AFFIANT SAYETH NOT.**

[signature]

**MARIA PENDERGRASS, Affiant**

**NOTARY JURAT**

**STATE OF** Texas §
**COUNTY OF** Ellis §

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this 20th day of October, 2026, by **Maria Pendergrass**, who personally appeared before me and, after being duly sworn, affirmed that the statements contained in the foregoing affidavit are true and correct to the best of the affiant's personal knowledge and recollection.

[signature]

**Notary Public, State of** Texas

Printed Name: Alice Aguilera

My Commission Expires: 12/17/2028

Notary ID/Commission No.: 132830329

**[NOTARY SEAL]**

NOTARY PUBLIC STATE OF TEXAS
ALICE AGUILERA
Notary ID #132830329
My Commission Expires
December 17, 2028

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

**UNITED STATES OF AMERICA**
v.
**ANTONIO EDUARDO HUERTA SERNA**

**AFFIDAVIT OF JULIA DIAZ**
**REGARDING REQUEST TO FILE NOTICE OF APPEAL**

**STATE OF** Texas §
**COUNTY OF** Ellis §

BEFORE ME, the undersigned Notary Public, personally appeared **JULIA DIAZ**, who, after being duly sworn, stated as follows:

**1.** My name is **Julia Diaz**. I am over eighteen years of age, of sound mind, competent to make this affidavit, and have personal knowledge of the facts stated herein. The statements contained in this affidavit are true and correct based upon my personal knowledge and recollection.

**2.** Antonio Eduardo Huerta Serna ("Tony") is my brother.

**3.** I was personally present at Tony's federal sentencing hearing in the United States District Court for the Northern District of Texas in **April 2025**.

**4.** Immediately after the sentencing hearing ended and we walked out of the courtroom, I hugged Tony. I remember that I was very emotional and felt that I was about to begin crying because of what had occurred during the sentencing.

**5.** After hugging Tony, I stood on his **left side** in the hallway outside the courtroom.

**6.** While I was standing beside Tony, his attorney came out of the courtroom and approached Tony. I personally heard his attorney indicate that she wanted to speak with him.

**7.** Before his attorney could begin discussing anything with him, I personally heard Tony tell his attorney that **he wanted an appeal because he believed the way he had been treated inside the courtroom was unfair and because he had not been able to speak. He told his attorney that he wanted to appeal.**

**8.** I personally heard Tony's attorney respond that **she would file the appeal, that she would take care of it, and that she would get back with him.**

**9.** After that exchange, I observed Tony's attorney walk away.

**10.** Based upon what I personally witnessed and heard, Tony clearly told his attorney that he wanted an appeal. I also personally heard his attorney respond that she would file it and take care of it.

**11.** I specifically remember this conversation because I was standing immediately beside Tony on his left side. I had just hugged him and was emotional about what had happened during the sentencing when his

attorney approached him and this conversation occurred.

**12.** The statements contained in this affidavit concern events that I personally witnessed and words that I personally heard. I am not relying upon something Tony or anyone else later told me about this conversation.

**13.** No one has promised me anything, offered me anything of value, or pressured me to make this affidavit. I am providing this affidavit voluntarily and based upon my own recollection of what occurred.

**14.** I understand that this affidavit may be submitted to a United States District Court in connection with Tony's federal post-conviction proceedings.

**FURTHER AFFIANT SAYETH NOT.**

______________________________

**JULIA DIAZ, Affiant**

**NOTARY JURAT**

**STATE OF** Texas §
**COUNTY OF** Ellis §

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this 20th day of October, 2026, by **Julia Diaz**, who personally appeared before me and, after being duly sworn, affirmed that the statements contained in the foregoing affidavit are true and correct to the best of the affiant's personal knowledge and recollection.

______________________________

**Notary Public, State of** Texas

Printed Name: Alice Aguilera

My Commission Expires: 12/17/2028

Notary ID/Commission No.: 132830329

**[NOTARY SEAL]**

NOTARY PUBLIC STATE OF TEXAS
ALICE AGUILERA
Notary ID #132830329
My Commission Expires
December 17, 2028

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

ANTONIO SERNA, Movant,

Civil Action No. 3:26-CV-02624-K

v.

Related Criminal No. 3:20-CR-00170-K-1

UNITED STATES OF AMERICA, Respondent.

DECLARATION OF ANTONIO EDUARDO HUERTA SERNA UNDER 28 U.S.C. § 1746

I, Antonio Serna, declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct based on my personal knowledge:

1. On April 22, 2025, immediately following my sentencing, I instructed my sentencing attorney to file a direct appeal. My attorney said she would file the appeal and get back to me.

2. On June 10, 2025, I called my sentencing attorney's law firm specifically to ask about my direct appeal. A person at the firm told me that my appeal was progressing.

3. On September 16, 2025, I again called the same law firm specifically to inquire about my direct appeal. A person at the firm again told me that my appeal was progressing.

4. On January 7, 2026, I called the firm again specifically about the status of my appeal and was told it was progressing. I was also told I owed additional legal fees, which I disputed. I was not told that the appeal had not been filed or that work on it had stopped or was conditioned on payment.

5. I relied on these assurances from the law firm and believed my direct appeal was being pursued. I did not learn that no notice of appeal had been filed until July 2026.

6. After I learned that no appeal had been filed, I prepared a motion under 28 U.S.C. § 2255. As reflected in the signature page of my filed motion, I signed it and placed it in the prison mailing system on July 28, 2026.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on: October 23, 2026

Place of execution: BOP Camp Forest City, AR.

Signature: [signature]
Antonio Serna, BOP Register No. 04135-509

Antonio Eduardo H. Serna
Inmate No. 04135-509
FCC Forrest City Camp
P.O. Box 8000
Forrest City, Ar 72336

CERTIFIED MAIL®

7021 2720 0003 0056 2997

Retail

UNITED STATES POSTAL SERVICE®

75242

RDC 99

0 Lb 4.20 Oz

U.S. POSTAGE PAID
FCM LG ENV
FORREST CITY, AR 72335
OCT 23, 2026

$0.00

S2324N502224-04



X-RAY

RECEIVED - 7
OCT 29 2026
MAILROOM

Clerk of Court
Earle Cabell Federal buidling and
United States Courthouse
1100 Commerce Street
Room 1452
Dallas, Texas 75242