**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ANTONIO SERNA, | § | |
| #04135-509 | § | |
| Movant, | § | |
| | § | |
| v. | § | |
| | § | No. 3:26-cv-02624-K |
| | § | (No. 3:20-cr-00170-K-1) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

# MEMORANDUM OPINION AND ORDER

Before the court is Movant Antonio Serna's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion"), filed on August 4, 2026 (Doc. 1). After careful consideration and based on the relevant filings and applicable law, the court, for the reasons herein stated, **denies** the Motion and **dismisses** this action **with prejudice** as time barred.

## I. Background

Serna challenges his federal conviction and sentence in Cause No. 3:20-CR-170-K. The respondent is the United States of America ("Government").

### A. Conviction and Sentencing

Serna pleaded guilty to conspiracy to commit health care fraud, in violation of 18 U.S.C. §§ 371 and 1347. Crim. Doc. 3. By judgment dated April 22, 2025, he was sentenced to 48 months' imprisonment, to be followed by three years of supervised release, and ordered to pay restitution in the amount of $10,187,046.41. *See* Crim.

Doc. 80. at 1-3, 6. He did not appeal. Serna now moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, alleging that counsel provided ineffective assistance before and during sentencing and failed to file a notice of appeal. Doc. 1 at 4-7. The government moves to dismiss his motion as barred by the one-year statute of limitations. Doc. 6. Serna, however, objects to this motion. Doc. 8.

### B. Substantive Claims

Serna's Motion raises three grounds, alleging that his trial counsel rendered ineffective assistance at sentencing by failing to: (1) function as counsel guaranteed by the sixth amendment; (2) provide counsel that meets the objective standard of reasonableness; (3) file a notice of appeal. Doc. 1 at 4-7.

## II. Scope of Relief Under § 2255

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

## III. Analysis

### A. The § 2255 Motion is Time Barred

Section 2255 contains a one-year statute of limitations. *See* 28 U.S.C. § 2255(f). The court may consider the limitations period *sua sponte* after providing notice and an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006). The one-year period begins to run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 .S.C. § 2255(f).

Serna's conviction became final on May 6, 2025, the last day on which he could have filed a timely direct appeal from the April 22, 2025 judgment. FED. R. APP. P. 4(b)(1)(A) (providing 14 days to file a notice of appeal). The one-year limitations period for seeking § 2255 relief therefore commenced on that date, and Serna's Section 2255 motion was due by May 6, 2026. Because Serna did not certify placing his § 2255 motion in the prison mailbox until July 28, 2026—the earliest possible date on

which his § 2255 motion can be deemed filed under the mailbox rule—the motion is untimely absent equitable tolling. Doc. 1 at 13; Rule 3(d) of the Rules Governing Section 2255 Proceedings (applying the "mailbox rule" to inmates who use the jail/prison's mail system).

**B. There is No Basis for Equitable Tolling**

Even when liberally construed, Serna presents no facts suggesting that he diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his § 2255 motion. Notably, "equitable tolling is discretionary." *Christmas v. Hooper*, 118 F.4th 724, 732 (5th Cir. 2024). It is an extraordinary remedy limited to "rare and exceptional circumstances." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). And "the extraordinary circumstances . . . must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (quotations and citations omitted).

A movant is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida* , 560 U.S. 631, 649 (2010) (quotations and quoted case omitted). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 653 (quotations and quoted cases omitted). Yet the courts have "repeatedly emphasized that equitable tolling is not available to 'those who sleep on their rights.'" *Wickware v.*

*Thaler*, 404 F. App'x 856, 861 (5th Cir. 2010) (per curiam) (quoted case omitted). Unexplained delays do not suggest due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Serna's arguments in favor of equitable tolling are unpersuasive. He states that his § 2255 motion should be considered timely under § 2255(f)(1) or he should be granted an out-of-time appeal. *See* Doc. 1 at 7; *see also* Doc. 3 at 5. Serna asserts that he asked defense counsel to file a notice of appeal and that she failed to do so. Doc. 3 at 5. He also asserts that counsel was ineffective and failed to adequate assistance before and during trial. Doc. 1 at 9.

Serna's arguments in favor of equitable tolling are unpersuasive. Serna did not pursue the habeas "process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). As previously noted, he squandered the entire one-year period for filing his § 2255 motion. And he does not allege that he was actively misled about his habeas remedies or that he was prevented in some extraordinary way from asserting his rights.

Even accepting Serna's allegations as true, by January 7, 2026, he was aware that his requested appeal had not been confirmed. Yet he identifies no other steps taken to independently protect his post-conviction rights. Doc. 8 at 3. Thus, counsel's purported failure to respond to Serna's calls do not constitute the kind of egregious behavior that excuses Serna's failure to timely assert his habeas rights. Equitable tolling applies principally where a petitioner is <u>actively</u> misled by his attorney or someone else.

*See Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citations omitted); *Williams v. Thaler*, 400 F. App'x 886, 892 (5th Cir. 2010). And "ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings." *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008).

Additionally, extended periods of inactivity, as in this case, clearly indicate a lack of due diligence. Here, Serna was not required to surrender until June 9, 2026, a full year after his judgment. *See* Crim Doc. 116 at 2. During that time, Serna had ample opportunity to pursue post-conviction relief. And his alleged reliance on counsel to file a direct appeal does not explain his failure to diligently pursue his rights or establish extraordinary circumstances warranting equitable tolling. *See Fisher*, 174 F.3d at 715 ("[E]quity is not intended for those who sleep on their rights." (quotation and quoted case omitted)). Further, neither Serna's *pro se* status nor unfamiliarity with the law rises to the level of a rare or exceptional circumstance that would warrant equitable tolling. *See Petty*, 530 F.3d at 365-66. Based on the above, the Court cannot find that extraordinary circumstances prevented Serna from timely filing his § 2255 motion.

Accordingly, the Court concludes that Serna has plainly failed to carry his burden of establishing that equitable tolling is warranted in this case. *Petty*, 530 F.3d 361, 365 (party seeking equitable tolling has burden of showing entitlement to such tolling).

## IV. CONCLUSION

Accordingly, the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2255(f); Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDING.

SO ORDERED.

Signed November 18th, 2026.

ED KINKEADE
UNITED STATE DISTRICT JUDGE